I'm actually I've got everybody Is it burn that slow slow technology here Go ahead. Mr. Holly for for repellent. Thank you, Your Honor Andrew Holly on behalf of Andrew Redleaf and may it please the court the issue in this case is the proper tax treatment of 120 million dollars in ongoing payments Andrew Redleaf made over five years to his ex-wife Elizabeth Redleaf Everyone agrees that there are two elements of code sections 215 and 71 that must be satisfied for Andrew to take the pay the deductions. I'll address each in court first Preliminary question or maybe it's deep in the argument, but the Hoover case in the Sixth Circuit Do you do you do you argue that it's wrong or distinguishable? It's the one that explained the origin of the amendment of 70 b1 And went through the whole analysis that's the basis for all these briefs Go ahead. If you're not from if you didn't read it, okay Incorrect and so far as it talks about the fact that the purpose of the amendment was to attend it talks about specifically the role of state law Yes of the visa be a determining Object the objective intent of the parties in the divorce agreement at issue And it's it it basically says That only you know, you you have to you have to find on him You have to find first the agreements ambiguous as this is as I read it and then you have to find that state law is unambiguous Unambiguously answers the ambiguity and the agreement now, I don't think that's consistent with your argument you're you're You're There there there are a budding if you will, Minnesota statutes here And I don't think their interrelationship is unambiguous So at that it seems to me is problem for you under the Hoover analysis So what I would say your honor is I think that the the agreement the question isn't whether the question we have to ask here Whether or not the obligation to make ongoing payments to Elizabeth would end if Elizabeth had died and on that point The agreement says nothing So I think the Hoover is correct in some sense so far as if the agreement is unambiguous That the that Andrews but obligation to make the payments to Elizabeth Did not end then that would end the analysis, but that's not where we are Because the contract is simply says nothing about it. So it's either it's at a minimum ambiguous So Hoover, I don't think is a problem for us your honor. And I think that the You just took you just took the front half of Hoover You didn't respond to what I said Hoover went on to say if the agreements ambiguous The you state if state law Unambiguously solves the ambiguity then you look to state law Otherwise the federal court Parses out the agreement in in in normal contract interpretation methods You're relying on a self-serving affidavit by your client and the and the Minnesota statute about termination and death of Marital Support You're relying on the agreement you mean it is it unambiguous It's unambiguous as to this particular point your honor as to whether or not I should say this your honor is it provides evidence That the first element of the test is satisfied That the Andrews obligation to make ongoing payments to Elizabeth would end if Elizabeth had died There's evidence in the question here. First of all, I would submit that state laws Unambiguous as to that with that question that state law has a very clear Minnesota has a very clear default rule that says that's spousal maintenance that payments from one spouse to another from future income for the support of the spouse and If the recipient spouse dies, that's unambiguous That's controlling and you would submit that there's evidence in the record the face of the contract Creates an inference at least at a minimum that those payments are going to be from future income and that there's For the support of Elizabeth and whose affidavit on about it I might say Also speaks to that point So I would suggest your honor that state law is on ambiguous here And that it clear that the statute by its own operation Makes it clear that Andrews even even though all the state judges who have looked at this Admittedly in the dicta have said to the contrary. I don't think that's true your honor. I don't think that's true I think that there's there's one state court trial judge who said that this looks like spousal maintenance to me But this argument was never presented to that judge The judge only had the agreement and frankly there was no incentive to do so And in fact that court refused to determine the taxability the tax issues that it's not for me to decide so there's one line of dictum where the argument we have here wasn't presented and The court made a throwaway line based on the language of the agreement and let's get to the heart of the dispute here Your honor. What about the Court of Appeals ruling? The Court of Appeals didn't address whether or not it was a property settlement or not It cited the language of the agreement and there's no question here your honor that the agreement uses the term property settlement I'll address that in one second Let me just deal with the Court of Appeals opinion first The question for the Court of Appeals was whether or not the judgment could be altered and that's it There was no finding that it was a property settlement. There was no finding of spousal maintenance It wasn't germane to that issue. Now again, the Court of Appeals quoted the words property settlement No question about it, and there's no question about the fact that this Separation agreement uses the term property settlement and then it waives spousal maintenance. No question about that But under Minnesota law that doesn't matter. Let me explain why first of all Minnesota courts including the Rudd case and Peterson case make it clear that the parties Characterization something doesn't control and I'll just point the court to the analysis in the Stoeckle case in that case Just like here We had a payment with the parties which is characterized the payment as a property settlement the parties waive spousal maintenance and the question before the court was is this spousal maintenance or is it a property settlement and The court didn't just say hey, they called it a property settlement. So we're done here instead what it said is we're going to look to whether or not the elements of the statutes are satisfied among other evidence and Because that's exactly the analysis that should be done here the parties characterization can't control and it doesn't under Minnesota law and Elizabeth doesn't cite a single case where the parties words control and They can't not in Minnesota not elsewhere this is also this this loops back to my my initial problem here because Now you're saying that a lot of a lot of interpretation of Minnesota law is required and it seems to me at Congress as at least as Hoover Interpreted the statute said we don't we don't want to go there. We want to stick with the agreement Well, I the way courts would would would construe this agreement I would reference to the reference explicit reference to property settlement in an agreement Surely we're surely Rather Experienced and clever lawyers were involved in choosing the language with full full understanding and and Appreciation of federal tax law those words have meaning In the interpretation of the agreement by a federal court, that's that's what troubles me were where I don't see your argument Clearing that hurdle I understand your point your honor. I would point the court to the Hexham case under the Seventh Circuit your honor Where the Seventh Circuit made it clear the method of analysis first and I believe this is consistent with the Sixth Circuit First your honor you look to whether or not the agreement has explicit language stating Andrews obligation in this case and his obligation to make payments to Elizabeth ends if or continues if Elizabeth dies That question isn't answered on the face of the agreement That's the first question you have but if that question isn't answered on the face of the agreement the next question then becomes whether or not state law answers that question and And the Hexham case makes it clear that only a state law does not answer the question You go to an overall analysis of the intent of the parties in the agreement And that's what Hexham says and not what we believe the law to be here your honor and because the contract is silent About whether or not the agreement continues whether or not the obligation continues past Elizabeth's death Then the only question you have is whether or not state law and the next question is whether or not state law answers it And we submit that it does and the statute there's no question What about what about the term of the agreement this there shall be no alimony owing Because the parties have equitably distributed the property That's exactly the situation that was in Stouffville your honor and the court didn't rely on it the court didn't settle on it what case Your Minnesota case. Yes, it's a Minnesota case Court of Appeals Stouffville, and it's consistent And it's also consistent your honor with the the Wiltrie case. It's not that's not a Minnesota case Unpublished unpublished in a non could buy a non-controlling quick court right it's unpublished your honor, but it relies on Minnesota law But this is not Minnesota law That's the issue I Understand that your honor and I would submit that you only you state law does control Unless the agreement unambiguously says otherwise you don't go through a free-flowing analysis. Oh, that's your argument. That's your argument that's not the holding in Hoover I Think that Hoover what Hoover saying is that the first step is to look at whether or not the agreement and Addresses this particular issue, and then I think if it doesn't you look and I think that's consistent with Hexley And then if it doesn't you look to the operation of state law and your honor. Let's just be clear here Let's get it Consider the consequences if the parties just couldn't lay use the labels matter that that just answered the question your honor If it did counsel, can I let me just read you from Hoover yes? Therefore when state family law is ambiguous the federal court will not engage in complex Subjective inquiries under state law rather the court will read the divorce instrument and make its own determination based on the language of the document and Do you agree with that legal standard? Yes? I do your honor, and I don't believe that state laws on it See law unambiguously decides unambiguously has a standard that needs to be addressed here and the standard is clearly It's a simple standard, and I just want to make the point. I have about if the parties labels control Then there'll be all sorts of mischief that could happen all the party would have to do is you could have collusive agreement say We're going to call this a property settlement and therefore You know I spouse you don't have to pay tax on it even though as here the payment has every indicia Every indicia of what a spousal maintenance would be and we have affidavit testimony saying that's exactly what it is And that that kind of gamesmanship is the exact thing you're not supposed to allow here and clearly the IRS in a proper case would never accept The party's characterization of something when it nevertheless Satisfied the conditions and terms of the state statute So I think with my remaining time here your honor I want to I'm happy to answer other questions of course But I want to get to the second agreement the second point that very quickly here the second question is whether the agreement Expressly precludes Andrew from taking the deduction and the Seventh Circus decision of Richardson makes it clear that there must be a quote clear Explicit and express direction and quote to that effect Everyone agrees that there's no express statement in this in this In the settlement agreement saying Andrew you can't deduct this or saying Elizabeth you get this tax-free Instead the court relied on The fact that they called it a property settlement again We're not running away from that but courts routinely recognize that just calling something a property settlement isn't clear isn't explicit Isn't direct that's Baker and Meeling and said you have to actually say something about the tax treatment You're on and and in revolving for examples the case that everyone relies on they rely directly supports us there the question was whether or not the payment the statement said that the agreement said that the payment shall be accounted for in a manner so that no gain or loss should be recognized and That's an express statement on what this what the payment actually was characterized for tax purposes The tax court in fact if you look at his order it kind of betrays the fact that this is not expressed not clear and not not Explicit because the court said that it's strongly suggested with the parties intent was and was an illusion to court rules about a property settlement And that's just simply not enough your honor That's not clear. That's not expressed. You have to make logical inferences. That's directly inconsistent with Meeling and Baker I have a little bit of time with your honor happy to answer questions, but I'll reserve what I can Thank you Mr. Dale, are you next I? Am yes Yes, my name is Ivan Dale I represent the Commissioner of Internal Revenue may it please the court I am splitting time with the Council for Elizabeth Redleaf, and so I will try to Hand over the virtual lectern with about eight minutes to go Your honor's correct that Hoover and other cases Establish and explain really not it's not that Precedential that the whole purpose behind the 1984 1986 amendments to the alimony statute Was to avoid these kind of subjective inquiries into state law I mean a divorce is hard enough without having the IRS come in and ask you know Well, what did you mean by this provision? What did you mean by that provision? In this case the the agreement unambiguously establishes that The payments are not maintenance no less than 19 times in the marriage termination agreement and a divorce decree Does it describe this as a property division or an allocation of assets or similar language? And then it says specifically that Andrew shall pay no temporary or permanent Spousal maintenance now or in the future, so that is unambiguous and under Minnesota law the treatment of that unambiguously is that the Is the default rule which is that causes of action survive to the representatives of the estate? Andrew wants to Say that well in Representing the court one thing, but they really meant something else and he wants to have a trial on that on the basis of a self-serving affidavit But Hoover and also, you know, Lovejoy is a case out of the 10 circuits. It does something similar It says, you know it it held that Section 71 B 1 D was not satisfied where it was at best Unclear whether state law would operate to terminate the payment So it really required the the state operation of state law to be clear from the face of the instrument but you know, I Do want to respond to the argument that? That the agreement otherwise had every indeed indicia of a of a minute maintenance payment I would submit The exact opposite is true the The definition of maintenance under Minnesota law is an award of payments from the future income of one spouse For the support and maintenance of the other There was no award from Andrews future income the parties agreed on a set of payments but did not say it had to come from Andrews future income and The payments were so unrelated to income that the payments were due Even if Andrew couldn't earn income due to disability the payments were due even if Andrew died The payments there were due even when Andrew went back to the court and said in 2009 Due to the financial crisis These payments are sick are going to be for this year six times what I'm going to earn an income this year and the court said That didn't matter and specifically the Minnesota Court of Appeals said the property settlement in the MTA Describing these payments is not discussed in terms of appellants act after tax income. So It's not a payment These are payments from future income nor they tied to any specific need of Elizabeth And putting aside the fact that the payments totaled 140 million dollars over five years They varied from $750,000 up to a single lump-sum payment of 30 million dollars due on March 15th, 2013 You know, it wasn't like Elizabeth's needs skyrocketed in March 2013 to require a 30 million dollar lump-sum payment You know They were so unrelated to need that if there was a change of control in Andrews hedge fund That the entire amount would be become immediately due and if that weren't clear enough the party's stipulated that Elizabeth is capable of self-support and Quote has the ability to provide adequate self-support after considering the standard of living established during the marriage and all relevant circumstances so The party's agreed that she was capable of supporting herself. And so it's clear that the payments were not for her support and If you look at the maintenance statute the the circumstances under which the the Minnesota court even has the authority to order maintenance The party stipulated that neither one of those Factual circumstances were present. So it's not that they just called You know the payments one thing and they were really another they stipulated that all of the factual circumstances You know necessary for awarding maintenance are not present here I do want to just briefly turn to the other element the other reason why the tax court held that Andrew failed to satisfy all four requirements All four criteria of an alimony deduction and that's the non-designation test The the language of the agreement is You know Not only Andrews Andrew is correct insofar as he says labeling something as a property settlement is not enough to satisfy this Non-designated nation text there has to be some reference to the tax Consequences of it but in this agreement in addition to calling it property settlement 19 times Then the agreement says each party has been advised that there may be tax Consequences to this agreement and each party agrees not to take a position in any filing report or audit With a state or federal taxing authority that is inconsistent with this idea of an equitable division of jointly owned property well taking an alimony deduction is inconsistent with Treating this as an equitable division of jointly owned property and that in the provision even makes reference Specifically to the basis rules in section 1041 of the code Which is the code section under which quote known gain or loss shall be recognized on a transfer of property incident incident to divorce so in addition to the fact that you know the the Agreement on its face and by operation of Minnesota law does not provide that the obligation terminates a death the agreement provides enough Of a designation that the Of the tax treatment so that two of the four criteria are not satisfied And if the court doesn't have any other questions, I'll reserve the rest of the time for Mr. Kimberly the on the designation council about the the citation of the Seventh Circuit that The Seventh Circuit talk about it as expressed as as argued it and if so Was the Seventh Circuit wrong This is the Hexham test I Guess yeah Unpublished opinion in 2018 Yeah, my recollection. I don't have it in front of me is the Hexham test essentially Said that you know labeling something a property settlement was not enough I don't I don't know that it went much further than that But again, I'm relying on my recollection, all right, that's that's fine. Thank you your honor Good morning, and may it please the court. I'm Kevin Kenworthy representing Elizabeth Redleaf here If I could I think I'll start off by continuing to address the designation argument just a bit more As it has been observed in order to establish that the payments here are deductible as alimony and taxable to Mrs. Redleaf all four elements of section 71 have to be met One of those elements is that the parties have not Designated the payments as something is non-deductible and not includable in income The case law including the state of Goldman established that you do not have to parrot the statutory language you don't have to reference section 71 or section 215. It's sufficient. It's a common-sense reading of the Divorce instrument is sufficient to acknowledge an understanding of the tax treatment here and as Mr. Dale has pointed out the MTA here contains language that makes it abundantly clear The parties agreed that the tax treatment would be that of a non-taxable division of meritable property So that so that that language is sufficient to meet the the designation test and therefore the payments can't be Alimony deductible under sections 215 no matter how the court resolves other issues in the case But turning back to the survival issue The court is right that in 1984 Congress sought to simplify and streamline the analysis so that the law could be more administrable for the Internal Revenue Service and for the courts considering these cases and to identify four objective criteria For determining whether payments are deductible as alimony One that's another other issue that's in dispute is whether the payments would have survived Elizabeth's death and as the Hoover case establishes even there the courts are trying to hew closely to the divorce instrument rather than Falling into the trap of undertaking an extensive analysis of state law and considering the intent of the parties which was so vexing to the Counsel, let me ask you this. This was this was decided by a tax court on cross motions for summary judgment. Is that right? Effectively your honor it originally was decided on Either part did either party submit by affidavit deposition or otherwise any Testimony or of Earl's front by the lawyers who negotiated the agreement. No your honor So on the designation issue if I may proceed Mr. Redleaf would like the court to focus on one of statute under Minnesota law that provides that maintenance obligations If that term is used in Minnesota Do not survive the death of or remarriage of the recipient spouse and In that context he wants the court to focus on the statutory definition of maintenance But there are other highly relevant statutes here under Minnesota law first is is this provision 518 552 which specifically authorizes the parties to a divorce to agree to waive maintenance That that requirement that that that statutory authority requires the parties to make certain Agreements and for the court to adopt those statements in a decree and that has happened here Namely the parties agree that they they had a sufficient resources to provide self-support that the waiver of maintenance was fair and equitable and the parties stipulated that effect the Family court here adopted that stipulation and making the determination that neither spouse would receive maintenance in this case in the face of that Conclusion I don't see how Andrew can proceed on to an issue of disputed issue of fact Even if the court were to credit his uncorroborated testimony that he intended the payments to be made from his future income Full stop that would be sufficient There's nothing more for the court to decide but beyond that the tax court correctly found that in substance and in name The payments provided under the marital defamation agreement here were consistent with that of a property settlement The payment of our courts don't make findings in summary judgment rulings fair enough Observed that there was not an issue of material fact finding that the Concluding that the Agreement was clear that these payments were in substance and in name part of a property settlement Which would under undisputed Minnesota law survive the death of mrs. Redleaf here The payments were fixed they were not conditioned upon His income in the event that there was a change in control of the principal marital asset here The obligation to make the payments would be accelerated rather than be paid over time Mr. Redleaf also personally secured the the obligation to make these payments all of which is consistent with the payments being considered a part of a property division With that unless the court has further questions, I'll just leave it at that Very good Mr. Frazier have some time. Yes, your honor. They're very quick very quickly your honor It's not that I'm a second point about the designation. It's not the Hexham case It's that it's the Richardson case on the 7th Circuit, which is a public decision But I want to get back to the point about your honor's point about What federal law versus state law and I point the coin for the Johanneson case 541 f3d 973 which says that were the only way in which you look at federal law is to see whether or not the agreement Expressly states that the obligation to make the payment ends at Elizabeth's death You don't do a free-flowing analysis of the of the of the state law And in fact, which card said that again the 9th Circuit? I mean, I see pastor of a couple points Let me ask you pass but you don't have a couple extra points. I'll be very short All right One more point not both and no some no summation Sure, every point they've made about the Minnesota statute is is an attempt to argue facts there's clearly evidence in the record stating that the elements of the statute were satisfied and the district court that the tax court didn't make a finding that this was a Spousal maintenance versus a property settlement. He refused to look at the evidence because of misinterpretation of the poor repetitive counsel I think the case has been thoroughly briefed and well argued and we'll take it under advisement